(125 App. Div. 724.)

### LOGAN v. LOGAN.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

DIVORCE—ALIMONY—RECEIVER—RIGHT TO APPOINT—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 1772, providing that, where a judgment requires a husband to provide for the support of his wife, the court may require reasonable security, etc., and on failure to do so the court may appoint a receiver thereof, the power to appoint a receiver is expressly contingent upon failure to comply with the requirements of the judgment, and, where it affirmatively appears that there has been no such failure, an application for a receiver should be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 743.]

Appeal from Special Term.

Action by Elizabeth Logan against Andrew Logan for divorce and alimony. From an order appointing a receiver of defendant's real property, defendant appeals. Reversed, and application denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Appell & Taylor (George H. Taylor, Jr., of counsel), for appellant. Charles De Hart Brower, for respondent.

PER CURIAM. The plaintiff has obtained an interlocutory judgment of divorce wherein and whereby it was provided that the defendant should pay to the plaintiff $15 per week alimony, execute and deliver to the Title Guarantee & Trust Company, as trustee, as security for the payment of the said alimony, a mortgage upon certain premises in the city of New York, which should contain the usual tax clause, default upon payment of interest on former mortgages clause, and a clause for fire insurance to the amount of $6,000. The plaintiff has complied with every one of the terms so provided. He has regularly paid the alimony at the times required. He has executed the mortgage and procured a policy of fire insurance in the sum stated. Without default in any respect upon his part an order has been made appointing a receiver of the rents and profits of said real estate, who was directed to take possession of said real estate and hold the same until the further order of the court. We find no authority for said order.

Section 1772 of the Code of Civil Procedure provides that:

"Where a judgment * * * requires a husband to provide * * * for the support of his wife, the court may, in its discretion, also, direct him to give reasonable security, in such a manner, and within such a time, as it thinks proper, for the payment, from time to time, of the sums of money required for that purpose. If he fails to give the security, or to make any payment required by the terms of such a judgment or order, whether he has

or has not given security therefor; or to pay any sum of money which he is required to pay by an order, made as prescribed in section 1769 of this act; the court may cause his personal property, and the rents and profits of his real property, to be sequestered, and may appoint a receiver thereof."

The power to appoint a receiver is expressly contingent upon the failure of the defendant to comply with the requirements of the judgment. As it affirmatively appears that there has been no such failure, the application for this order should not have been granted.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the application denied, with $10 costs.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.